```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS FLORES,                                              :
                                                            :
                                                            :
                                        Plaintiff,          :
                                                            :            19-CV-4494 (VSB)
                       - against -                          :
                                                            :            OPINION & ORDER
                                                            :
                                                            :
FORSTER & GARBUS, LLP, LVNV                                 :
FUNDING, LLC and PROVEST LLC,                               :
                                                            :
                                        Defendants.         :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2020

Appearances:

Subhan Tariq
The Tariq Law Firm, PLLC
Long Island City, NY
*Counsel for Plaintiff*

Glenn M. Fjermedal
Davidson Fink LLP
Rochester, NY
*Counsel for Defendants and Cross Claimants*
*Forster & Garbus, LLP and LVNV Funding, LLC*

Daniel Fix
Wilson Elser
White Plains, NY
*Counsel for Defendant and Cross Defendant ProVest LLC*

VERNON S. BRODERICK, United States District Judge:

  Plaintiff Carlos Flores brings this case alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by Defendants Forster & Garbus, LLP and LVNV Funding, LLC, and fraud by Defendant ProVest LLC (together with Forster & Garbus, LLP and LVNV Funding, LLC, "Defendants"). Defendant ProVest LLC moves to dismiss Plaintiff's fraud claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docs. 49–51.)

Because Plaintiff has failed to adequately plead the elements of common law fraud under New York law, ProVest LLC's motion to dismiss Plaintiff's fraud claim is GRANTED.

I. **Factual Background**[1]

Defendant Forster & Garbus LLP ("F&G") is a law firm engaged in the business of collecting debts with a principal place of business in Commack, New York. (TAC ¶ 8.) Defendant LVNV Funding, LLC ("LVNV"), is a collection agency engaged in the business of collecting debts with a principal place of business in Columbia, South Carolina. (*Id.* ¶ 9.) Defendant ProVest LLC ("ProVest") is a corporation engaged in the business of providing service of process with a principal place of business in Central Islip, New York. (*Id.* ¶ 10.) Defendants F&G and LVNV collect and attempt to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors. (*Id.* ¶ 14.) Defendant F&G commenced efforts to collect debt allegedly owed by Plaintiff to Defendant LVNV, and sent plaintiff a letter dated April 18, 2019, notifying Plaintiff of a New York state court judgment entered against Plaintiff. (*Id.* ¶¶ 15–22; *see also* TAC Ex. A (Doc. 47-1).) The letter stated that Plaintiff owed a balance of $1,138.75 due to LVNV, with the original creditor listed as Credit One Bank, N.A. (*Id.* ¶ 20.)

Attached to Plaintiff's Third Amended Complaint is an affidavit of service filed in the Civil Court of the City of New York, New York County. (TAC Ex. B (Doc. 47-2); TAC ¶ 27.) The affidavit is captioned "LVNV Funding LLC v. Carlos Flores," and has index number

---

[1] This factual background is derived from the allegations in Plaintiff's Third Amended Complaint. (Doc. 47 (the "TAC").) I assume the allegations set forth in the Third Amended Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order. In addition to the Third Amended Complaint, I consider Exhibits A and B attached to the Third Amended Complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (internal quotation marks and citations omitted)).

26325/2018.  (TAC Ex. B.)  The affidavit of service states that ProVest's process server, William Cancroft, License No. 2032440, served someone at Plaintiff's address named "Ana Flores, FAMILY MEMBER." (*Id.* ¶ 28.)  There is no one in Plaintiff's family with the name "Ana Flores," however, and Plaintiff's mother and sister—who also reside at Plaintiff's address—do not match the description of the individual served by ProVest. (*Id.*)  Specifically, Plaintiff's mother, who is not named Ana Flores, weighs over four-hundred (400) pounds and is unable to walk due to her weight, but the allegedly served person named "Ana Flores" is described as weighing between "130-150 LBS." (*Id.*)  Plaintiff's sister's first name is not Ana and her last name is not Flores.  Plaintiff's sister also does not match any of the descriptions in the affidavit of service. (*Id.*)  Plaintiff contends that the affidavit of service is thus fraudulent, and part of a "sewer service" scheme—the filing of sham affidavits of service to obtain default judgments against debtors.[2]

## II.  Procedural History

Plaintiff filed the Complaint in this action on May 16, 2019, (Doc. 1), and Defendants filed Answers on July 29, 2019, (Docs. 16, 18).  On September 6, 2019, Defendants F&G, and LVNV filed a motion to dismiss, (Doc. 24), which became moot on October 1, 2019, when Plaintiff filed the First Amended Complaint, (*see* Docs. 26, 27.)  Plaintiff then filed a Second Amended Complaint on October 28, 2019, (Doc. 29,) which Defendants answered on November

---

[2] Plaintiff alleges that ProVest was previously sued in a 2018 class action lawsuit in federal court under allegations of sewer service, a suit that ended with a stipulation and order of discontinuance with prejudice, *see Reches v. ProVest LLC et al.*, 18-cv-5233-LDH-SMG (E.D.N.Y. Sept. 17, 2018), ECF No. 21, and was also investigated in 2012 by the Attorney General of Florida under similar allegations, which resulted in a settlement. (*See* TAC ¶¶ 29, 30; TAC Exs. C, E (Docs. 47-3; 47-5).)  I do not consider these allegations, and grant ProVest's motion to strike paragraphs 29 and 30 from the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).  *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal Rules of Civil Procedure." (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892–94 (2d Cir. 1976))).

12, 2019, (Docs. 35–37).  On January 15, 2020, Defendant ProVest filed a motion to dismiss, or in the alternative to strike portions of the Second Amended Complaint, (Docs. 43–45), which became moot by Plaintiff's filing of the Third Amended Complaint, (*see* Docs. 47, 48).  ProVest renewed its motion to dismiss, or in the alternative to strike, on February 19, 2020, supported by a memorandum of law and the Declaration of Daniel B. Fix ("Fix Decl."). (Docs. 49–51.)  On March 11, 2020, Plaintiff filed a memorandum of law in opposition to ProVest's motion, supported by the Declaration of Subhan Tariq ("Tariq Decl."). (Docs. 52, 53.)  Briefing on this motion was complete when ProVest filed its reply memorandum of law on March 19, 2020. (Doc. 54.)

### III. Legal Standards

#### A. 12(b)(1)

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 93–102 (1998)).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (internal quotation marks omitted)).  Although a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party

asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration, internal quotation marks, and citation omitted). Whether a plaintiff has standing must be resolved before turning to the merits. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015); *see also Raines v. Byrd*, 521 U.S. 811, 820 (1997) (stating that courts must "put aside the natural urge to proceed directly to the merits of . . . [a] dispute [ ] to 'settle' it for the sake of convenience and efficiency," and must first inquire as to whether a plaintiff has "met [its] burden of establishing that [its] claimed injury is personal, particularized, concrete, and otherwise judicially cognizable.").

### B. *12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotations and citation omitted). A court "may also consider matters of which judicial notice may be taken" in ruling on a motion to dismiss. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

### IV.  Discussion

ProVest makes three arguments in support of its motion to dismiss: first, that the *Colorado River* abstention doctrine applies to Plaintiff's fraud claim; second, that in the alternative the *Younger* abstention doctrine applies; and third, that Plaintiff has failed to adequately allege the elements of common law fraud pursuant to Federal Rule of Civil Procedure 9(b). Although I find that ProVest's abstention doctrine arguments are inapposite, Plaintiff has failed to adequately allege the elements of common law fraud and thus grant ProVest's motion to dismiss.

#### A.  *Abstention Doctrines*

ProVest argues that I should abstain from exercising jurisdiction based on either *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or *Younger v. Harris*, 401 U.S. 37 (1971). Abstention would not be appropriate under either doctrine.

*Colorado River* abstention applies only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813 (internal quotation marks and citation omitted). Under *Colorado River*, "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (internal quotation marks omitted); *see Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62–63 (2d Cir. 1986) ("Absent broad state court jurisdiction that would enable the state court to dispose of the entire matter, including the issues before the federal court, abstention could hardly be justified on grounds of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" (quoting *Colorado River*, 24 U.S. at 817)). The "burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985).

"In evaluating whether Colorado River abstention is appropriate, federal district courts are to consider six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction,'" *Niagara Mohawk Power Corp.*, 673 F.3d at 100–101 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)), but the "threshold requirement is that the lawsuits be parallel, meaning that 'substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'" *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 295 (S.D.N.Y. 2017) (quoting *Dittmer v. Cty. Of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)).

In this case it is not clear that the state court will ever resolve the issue of whether ProVest's affidavit of service is accurate or fraudulent, and although Plaintiff's Third Amended

Complaint states that "Plaintiff is currently in the process of filing an order to show cause to vacate the judgment wrongfully obtained via a fraudulent affidavit of service," (TAC ¶ 26), Plaintiff has not yet pursued such relief, (Doc. 52, at 4 ("At this time, Plaintiff has not filed an Order to Show Cause to Vacate the Default Judgment and intends to proceed in this action . . . .")).  Additionally, this cause of action concerns FDCPA and common law fraud allegations, while the state court action involves a debt collection proceeding and will not address the instant allegations.  Consequently, I find that the two actions are not parallel, and that I cannot abstain from exercising jurisdiction under *Colorado River*.  *See Makhnevich v. MTGLQ Inv'rs, L.P.*, No. 19 Civ. 72 (AT), 2020 WL 764158, at *3 (S.D.N.Y. Feb. 14, 2020) (holding that Colorado River abstention did not apply to federal FDCPA action claiming defendants filed false affidavits in ongoing foreclosure action); *Yeboah v. Bank of America, N.A.*, No. 3:18-cv-2020, 2019 WL 3388045, at *9 (D. Conn. July 26, 2019) (same); *Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293, 300 n.8 (S.D.N.Y. 2014) (declining to abstain under *Colorado River* in case where plaintiff claimed defendants' conduct in state debt-collection action violated the FDCPA because the actions were not parallel).

Regarding *Younger* abstention, that doctrine "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).  However, the Supreme Court has made clear that "[j]urisdiction existing, . . . a federal court's obligation to hear and decide a case is virtually unflagging," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (internal quotation marks and citation omitted), and *Younger* abstention is therefore only permitted in three categories of state court proceedings: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving

certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," *id*. at 73 (internal quotation marks, citation, and alterations omitted).  The state action is an ordinary civil lawsuit between private parties involving debt collection.  "There is, therefore, no merit to [ProVest's] contention that *Younger* abstention might apply."  *Makhnevich*, 2020 WL 764158, at *4.

Accordingly, ProVest's abstention arguments are denied.

### B. *Adequacy of Plaintiff's Common Law Fraud Allegations*[3]

ProVest argues that Plantiff has failed to adequately plead the reliance element of common law fraud under New York law.  I agree.

In New York, "[i]n an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."  *Allison v. Round Table Inv. Mgmt. Co., LP*, 447 F. App'x 274, 275 (2d Cir. 2012) (quoting *Lama Holding Co. v.*

---

[3] I note that allegations of fraud "are subject to a heightened pleading standard" pursuant to Federal Rule of Civil Procedure Rule 9(b), and must be pled "with particularity."  *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 197 (2d Cir. 2013); Fed. R. Civ. P. 9(b).  Accordingly, such allegations must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Nakahata*, 723 F.3d at 197–198 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).  "In addition, the plaintiff must allege facts that give rise to a *strong* inference of fraudulent intent."  *Id*. (emphasis in original) (internal quotation marks omitted).  Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind . . . may be alleged generally."  Fed. R. Civ. P. 9(b).  However, this "relaxation of Rule 9(b)'s specificity requirement regarding condition of mind" is not "a license to base claims of fraud on speculation and conclusory allegations."  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Acito v. IMCERA Grp., Inc*., 47 F.3d 47, 52 (2d Cir. 1995)).  "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Id*. at 290–291 (quoting *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir. 1994)).  Finally, "[w]hile Rule 9(b) requires that 'the circumstances constituting fraud' be 'state[d] with particularity,' Fed. R. Civ. P. 9(b), it does not require factual pleadings that demonstrate the probability of wrongdoing."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 174 (2d Cir. 2015) (emphasis in original).  "At the pleadings stage, the alleged fraud need only be plausible based on the complaint; it need not be more likely than other possibilities."  *Id*. (emphasis in original).  Because I find that Plaintiff has not adequately pled reliance I need not address whether or not Plaintiff has failed to adhere to the heightened pleading standard under Rule 9(b).

9

*Smith Barney,* 88 N.Y.2d 413, 421 (1996)). A plaintiff cannot "establish the reliance element of a fraud claim under New York law by showing that a third party relied on the defendant's false statements." *Pasternack v. Lab. Corp. of Am. Holdings*, 839 F.3d 151, 152 (2d Cir. 2016) (holding that reliance was insufficiently pled when "[defendant] made false statements to federal investigators and those investigators relied on those fraudulent statements resulting in injury to [plaintiff]," and citing *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 828–29 (2016) (answering certified question)).

Here, Plaintiff does not allege that ProVest made false statements to Plaintiff directly. Instead, Plaintiff alleges that ProVest committed fraud when it filed a false affidavit of service in New York State Court. These factual allegations are insufficient to plead reliance. *See Bryant v. Monaghan,* No. 15 Civ. 8427 (PAC)(HBP), 2016 WL 11272143, at *12 n.8 (S.D.N.Y. Dec. 16, 2016), *report and recommendation adopted sub nom. Bryant v. Silverman*, No. 15 Civ. 8427 (PAC)(HBP), 2017 WL 887043 (S.D.N.Y. Mar. 6, 2017) ("To the extent that plaintiff is attempting to allege that she was defrauded because Monaghan made a material misrepresentation to the New York state courts, she cannot establish reliance.").

Plaintiff attempts to supplement his allegations by stating in his opposition memorandum that "ProVest intended for Plaintiff to ultimately be subject to a default judgment due to the false statements contained within [] ProVest's fraudulent affidavit of service." (Doc. 52, at 2-3.)[4] However, this theory of reliance is not plausible in light of Plaintiff's other factual allegations. In Plaintiff's Third Amended Complaint, Plaintiff alleges that ProVest engaged in a sewer service scheme. The nature of such a scheme is that the opposing party never actually receives

---

[4] Although I consider and reject on the merits certain allegations made by Plaintiff in his opposition memorandum, I independently reject allegations made for the first time in Plaintiff's opposition memorandum because "a party may not amend its pleadings through statements in its briefs." *A Star Grp., Inc. v. Manitoba Hydro*, 621 F. App'x 681, 683 (2d Cir. 2015) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

service of process or enters an appearance in court such that a default judgment is entered against that party. ProVest's intent, as pled by Plaintiff, was that the Plaintiff would never learn of the false affidavit of service, but would rely on the Court's default judgment to pay back the debt owed. This does not, however, suffice to properly allege first party reliance on the false statement in question—the affidavit of service submitted to the court. Plaintiff further argues that "[u]pon being subject to a default entered against him, Plaintiff would have to rely on the false statements contained within [] ProVest's fraudulent affidavit of service, in order to be able to assert a defense." (Doc. 52, at 3.) This argument further underscores why Plaintiff's fraud allegations are insufficient, because as soon as Plaintiff discovered the false affidavit of service, which he of course did, Plaintiff refrained from paying Defendants on the default judgment, and has therefore not yet incurred any injury due to ProVest's actions. In fact, it is unclear that Plaintiff would have suffered any injury even if he were to pay the judgment, as Plaintiff "has not alleged that []he did not owe the debt . . . and therefore has not alleged any 'actual' injury suffered as a result of Defendants' alleged deceptive acts." *Toohey v. Portfolio Recovery Assocs., LLC*, No. 15-cv-8098 (GBD), 2016 WL 4473016, at *10 (S.D.N.Y. Aug. 22, 2016).

Accordingly, ProVest LLC's motion to dismiss Count Three of the Third Amended Complaint, common law fraud, is granted.

### V. **Plaintiff's Request for Leave to Amend the Third Amended Complaint**

Because Plaintiff has not provided me with a copy of his proposed amended pleading, Plaintiff's request for leave to file an amended complaint is denied without prejudice.

### VI. **Conclusion**

For the foregoing reasons, Defendant ProVest's motion to dismiss is GRANTED. Should Plaintiff still seek leave to file an amended complaint, he shall file a letter motion within fourteen

(14) days, attaching as exhibits his proposed amended pleading and a redline documenting the proposed amendments. Defendants, including ProVest, shall have fourteen (14) days to file any opposition to Plaintiff's request, and Plaintiff shall have seven (7) days to file a reply.

The Clerk of Court is respectfully directed to terminate the open motion at Document 49 and to terminate Defendant ProVest from the case.

SO ORDERED.

Dated: September 17, 2020
 New York, New York

Vernon S. Broderick
United States District Judge