USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
CARLOS FLORES, :
:
:
Plaintiff, :
: 19-CV-4494 (VSB)
-against- :
: **OPINION & ORDER**
:
FORSTER & GARBUS, LLP, LVNV :
FUNDING, LLC and PROVEST LLC, :
:
Defendants. :
:
------------------------------------------------------------ X

Appearances:

Subhan Tariq
The Tariq Law Firm, PLLC
Long Island City, NY
*Counsel for Plaintiff*

Daniel Fix
Wilson Elser
White Plains, NY
*Counsel for Defendant ProVest LLC*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Plaintiff Carlos Flores ("Plaintiff" or "Flores") for leave to file a fourth amended complaint against Defendants Forster & Garbus, LLP ("Forster & Garbus"), LVNV Funding, LLC ("LVNV Funding"), and ProVest LLC ("ProVest," and together with Forster & Garbus and LVNV Funding, "Defendants"). Because Plaintiff's amendment is futile and his claims against ProVest are time-barred, Plaintiff's motion for leave is DENIED and all claims against ProVest are DISMISSED WITH PREJUDICE.

## I. Factual Background and Procedural History

The factual and procedural background for this litigation are described in greater detail in my September 17, 2020 Opinion & Order granting ProVest's motion to dismiss Plaintiff's claim against it for common law fraud. *Flores v. Forster & Garbus, LLP*, 19-CV-4494 (VSB), 2020 WL 5603486 (S.D.N.Y. Sept. 17, 2020). On February 5, 2020, Plaintiff filed his Third Amended Complaint. (Doc. 47.) In this complaint, Plaintiff brought two counts alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendants Forster & Garbus and LVNV, and a third count for fraud against ProVest. (*Id.*) On September 17, 2020, I granted ProVest's motion to dismiss because Plaintiff "failed to adequately allege the elements of common law fraud pursuant to Federal Rule of Civil Procedure 9(b)." *Flores*, 2020 WL 5603486, at *3. I directed Plaintiff, if he sought leave to file a fourth amended complaint, to file a letter motion within 14 days attaching as exhibits his proposed amended complaint and a redline documenting the proposed changes. *Id.* at *6. On October 1, 2020, Plaintiff timely filed these documents. (Doc. 57.) On October 15, 2020, ProVest submitted a letter response, requesting that I (1) deny Plaintiff's motion for leave to file a fourth amended complaint, (2) dismiss this action against ProVest with prejudice, and (3) award attorneys' fees and costs. (Doc. 58.) Plaintiff submitted a reply letter in further support of his motion for leave on October 22, 2020. (Doc. 59.)

## II. Legal Standard

"In all other cases [other than amendments as a matter of course], a party may amend its [complaint] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. N.Y.C.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586(LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted). Absent a showing of bad faith or undue prejudice, however, "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). In determining whether the nonmovant is prejudiced, courts "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

### III. <u>Discussion</u>

As Plaintiff acknowledges, (Doc. 57), his fourth amended complaint removes the fraud count against ProVest, leaving only the two counts under the FDCPA, (Docs. 57-1, 57-2.) However, the fourth amended complaint adds ProVest as a Defendant in these two FDCPA counts, even though Plaintiff in his prior complaints only alleged the fraud count against ProVest. *See* (Docs. 29, 47.) Plaintiff's motion for leave must be denied, and both counts against ProVest must be dismissed with prejudice, because Plaintiff's claims against ProVest are (1) futile and (2) untimely.

#### A. *Futility*

"A proposed amended pleading is futile when it fails to state a claim." *Ouedraogo v. A-*

3

*1 Int'l Courier Serv., Inc.*, No. 12 Civ. 5651(AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013). "If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it." *Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008); *see also id.* ("The proper standard for evaluating Defendant's opposition to the proposed amendment, on the ground that it would be futile, requires the Court to examine whether Plaintiff's proposed retaliation claims could withstand a Rule 12(b)(6) motion to dismiss."); *Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999) (finding that "the proposed amendment was futile" because the "proposed amended complaint would be subject to immediate dismissal"); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514(PAC)(HBP), 2010 WL 445192, at *4 (S.D.N.Y. Feb. 8, 2010) (adopting the plausibility pleading standard to determine if amended claim is futile).

As the Supreme Court has made clear, when evaluating a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot satisfy the plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's amendment is clearly futile because it barely makes any factual assertions whatsoever against ProVest. The only factual allegation related to the instant lawsuit is that "[t]he Affidavit of Service was written and attested to by Defendant Provest," (Doc. 57-1 ¶ 22)—an allegation that, on its own, cannot constitute a plausible claim for relief. Beyond that, Plaintiff includes an unchanged section on "Defendant Provest's History of Prior Bad-Acts," *see* (*id.* ¶¶ 37–43), which, rather inexplicably, details the precise allegations and exhibits that I

previously determined were inappropriate as filed in Plaintiff's Third Amended Complaint and for which I granted ProVest's motion to strike, *Flores*, 2020 WL 5603486, at *1 n.2 ("I do not consider these allegations, and grant ProVest's motion to strike paragraphs 29 and 30 from the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).").

Now, despite being given multiple opportunities to re-plead, Plaintiff has produced a fourth amended complaint that is devoid of any factual allegations to support its FDCPA claims against ProVest and amounts to little more than innuendo. I have given Plaintiff many bites at the apple to allege a legally sufficient claim against ProVest and he has failed each time; he certainly does not deserve another shot. Plaintiff's claims against ProVest are thus dismissed with prejudice.

### B. *Timeliness*

FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Assuming as true, Plaintiff's claim that he first received notice of the debt collection judgment by letter on April 18, 2019, *see Flores*, 2020 WL 5603486, at *1, any FDCPA claims against ProVest were well beyond the statute of limitations when Plaintiff sought to file his fourth amended complaint. Plaintiff appears to acknowledge this, *see* (Doc. 59), but instead argues that the claims against ProVest should relate back to the filing of the Second Amended Complaint—when ProVest was added as a Defendant, *see* (Doc. 29)— pursuant to Federal Rule of Civil Procedure 15(c). That rule states that "[a]n amendment to a pleading relates back to the date of the original pleading when":

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on

5

the merits; and

>（ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Plaintiff argues that ProVest had proper notice of the action such that ProVest is not prejudiced by the filing of Plaintiff's fourth amended complaint. (Doc. 59.) Plaintiff's argument is misguided, because Rule 15(c) applies only when a "party should have known that, but for a mistake of identity, the original action would have been brought against it." *Scott v. Vill. Of Spring Valley*, 577 F. App'x 81, 82 (2d Cir. 2014) (quoting *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)). There is obviously no "mistake of identity" here; ProVest has been named as a Defendant in this case since October 28, 2019. *See* (Doc. 29.) Thus, there are no grounds for relation back, and Plaintiff's FDCPA claims against ProVest are time-barred and must be dismissed.

### C. *Sanctions*

Under Federal Rule of Civil Procedure 11(b)(1), when a litigant submits a court filing, the attorney represents that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). ProVest argues that it is entitled to sanctions because Plaintiff's filing was "clearly harassing and frivolous." (Doc. 58, at 5.) While ProVest states that it is not, at this time, formally moving for sanctions under Rule 11(c)(2), it asks that I "exercise [my] inherent authority and award ProVest its attorneys' fees and costs, and bar the Plaintiff from bringing [*sic*] any further actions against ProVest based on the same allegations." (*Id.*)

With regard to the latter request, as I noted *supra*, I am dismissing Plaintiff's claims

6

against ProVest with prejudice; therefore, ProVest's motion to dismiss with prejudice is granted. At this time, however, I choose not to use my authority under Rule 11(c)(3) to grant ProVest attorneys' fees and costs. This decision, of course, does not preclude ProVest from filing a motion for sanctions under Rule 11(c)(2).

## IV. **Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is DENIED and all claims against ProVest are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that remaining Defendants Forster & Garbus and LVNV Funding are directed to answer or otherwise respond to Plaintiff's Third Amended Complaint within 21 days of the date that this order is filed.

The Clerk is directed to close the open motion at Document 57.

SO ORDERED.

Dated: May 11, 2021
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge